UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LORENZO ARMENTERO,<br><br>    Plaintiff,<br><br>vs.<br><br>AVENAL STATE PRISON, et al.,<br><br>    Defendants | Case No. 1:10 cv 02403 GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE<br>IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities, Act, 42 U.S.C. § 12132. (ADA) .  Plaintiff has consented to magistrate judge jurisdiction  pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Avenal State Prison. Plaintiff names the following defendants: Physician's Assistant (PA) Michael Blackwell; Chief Medical Executive Robert Chapnick; Correctional Counselor S. A. Bryant; Appeals Coordinator J. Nay.

Plaintiff suffers from osteoarthritis. In addition to physical pain, Plaintiff alleges that he suffers from stress, depression and anxiety. Plaintiff has been seen on multiple occasions by Defendant Blackwell. Plaintiff requested that Defendant Blackwell consider Plaintiff as totally disabled. Blackwell refused, and told Plaintiff that he was going to remove him from "the

2

program." Plaintiff alleges that Defendant Chief Medical Executive Chapnick, along with Blackwell, denied him placement in the Disability Placement Program (DPP). Plaintiff appears to have appeared before a classification committee, which also denied his request.

After his denial by the classification committee, Plaintiff was summoned to the medical clinic, and his cane was taken from him by order of Defendant Blackwell. Plaintiff alleges that the cane is medically necessary. Plaintiff alleges that the choice to remove him from the program is "medically unacceptable under the circumstances." Plaintiff alleges that since he has been excluded from the DPP, he has not received his prescribed treatment, including medications and an inhaler.

### A. **ADA**

Title II of the ADA prohibits discrimination by a "public entity." A public entity is defined to include any state or local government and any department, agency, or other instrumentality of a state or local government. 42 U.S.C. § 12131(a)(A) and (B). The remedial scheme of Title II excludes individuals from liability. Title II directs that its remedies, procedures and rights are those that are set forth in the Rehabilitation Act, 42 U.S.C. § 12133. The Rehabilitation Act, in turn, directs that the "remedies, procedures and rights' with regard to non-employment matters "set forth in Tile VI . . . [42 U.S.C. §2000d et seq.] shall be available . . . ."

Individuals are distinctly excluded from the definitions of programs and activities under Title VI. 42 U.S.C. §2000d-4. As a result, individuals acting in their individual capacity are excluded from liability under Title II and are entitled to dismissal. Such a conclusion is consistent with interpretations of Title I of the ADA, which adopts the rights, remedies and procedures set forth in Title VII. 42 U.S.C. §12117. Although the Ninth Circuit has not directly

3

ruled on the issue, it must inevitably conclude that individuals cannot be sued under Title I since it reached the same conclusion with regard to Title VII and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; Miller v. Maxwell's Intern, Inc., 991 F.2d 583, 587 (9th Cir. 1983). Other courts agree that Title VII does not permit suits against individuals. See EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1280 (7th Cir. 1995); Washburn v. Sauer-Sundstrand, Inc., 909 F.Supp. 554, 556 n. 1 (N.D. Ill. 1995). The individual defendants in this lawsuit are therefore immune from liability.

### B.   Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

4

Here, the Court finds Plaintiff's allegations to be vague.  Although Plaintiff clearly alleges that he has been deprived of prescribed medications and treatments, he does not specifically allege who deprived him of his medications and treatment or when.  Plaintiff may not state a claim for relief by alleging that he was denied placement on DPP status, then conclude that all Defendants are liable.  Plaintiff is advised that he cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute.  Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989).  Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under

5

color of state law.  Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.  Plaintiff has failed to do so here.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983 or the ADA.  Specifically, Plaintiff has failed to link individual defendants with conduct that is actionable under section 1983, and the ADA does not provide for individual liability.   The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **June 7, 2013**            /s/ **Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

7